JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from a judgment of the common pleas court which granted Sherman Thomas' motion to suppress evidence in connection with charges of possession of drugs and preparation of drugs for sale, which stemmed from the discovery of crack cocaine following a traffic stop. On appeal, the state contends the police lawfully stopped the vehicle and therefore the court should have denied his motion to suppress. For the reasons given below, we reject the state's contention and accordingly affirm the judgment of the court.
 {¶ 2} The facts here reveal that on July 7, 2000, Detective Paul Jablonski, a Mayfield Village police officer, received information from another officer about a blue Mercury Tracer with "a possible expired registration." While patrolling the area of Northboro Road and Derby Drive in Mayfield Village, he spotted a vehicle fitting the description, ran its license plate number through LEADS, a police computer database, and received a "Not in File" response. After following the vehicle, he stopped it, and asked the black male driver for his driver's license. After opening the driver's side window, Thomas, an individual whom Jablonski recognized, looked around in his vehicle, jumped out of the passenger's door, and fled.
 {¶ 3} Jablonski called the dispatcher seeking help to search for Thomas. He then conducted an inventory search of the vehicle because he planned to have it towed. During that search, Jablonski discovered a small hole in the glove compartment which led to the engine compartment, from which a clear plastic bag was hanging. He removed the bag containing a substance later identified as crack cocaine. Subsequently, Jablonski filed a complaint in the Lyndhurst Municipal Court charging Thomas with possession of crack cocaine.
 {¶ 4} Based on this incident, the grand jury indicted Thomas for possession of drugs and preparation of drugs for sale.
 {¶ 5} Thereafter, Thomas moved to suppress the evidence, contending that the stop of his vehicle and the subsequent search violated his constitutional rights.
 {¶ 6} At the suppression hearing, Jablonski testified that after he received information from Patrolman Paul Matias that a blue Mercury Tracer had a "possible expired registration," he spotted a vehicle fitting that description and ran its license plate through the computer, which indicated the vehicle's registration was "Not in File". Jablonski explained this meant that the registration was not in the computer database at that time. Jablonski further testified that he made the traffic stop to investigate the validity of the vehicle's registration, admitting that at the time of his stop, he had no information that thevehicle's license plate had expired or was otherwise illegal. He explained, "That's why I was checking it." (Tr. 14.) He also testified that after he ran the license plate and before he pulled Thomas' vehicle over, he had an opportunity to observe the sticker on the vehicle's license plate, which indicated that the vehicle had a currentregistration. Finally, he testified that after the incident, he ran the license number again through the computer and learned that the vehicle had a valid registration.
 {¶ 7} Following the hearing, the court granted Thomas' motion to suppress evidence.
 {¶ 8} The state now appeals from that decision, raising one assignment of error for our review:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT SUSTAINED THE MOTION TO SUPPRESS EVIDENCE BECAUSE DETECTIVE JABLONSKI'S INITIAL STOP WAS REASONABLE, AND EVEN IF HIS INFORMATION WAS ULTIMATELY WRONG, IT WAS BASED ON GOOD FAITH."
 {¶ 10} The state contends the court should have denied Thomas' motion to suppress evidence because Detective Jablonski's stop of Thomas' vehicle was justified by the officer's reasonable suspicion that the vehicle had an expired registration. The issue then for our resolution concerns whether the officer lawfully stopped Thomas' vehicle.
 {¶ 11} A traffic stop constitutes a seizure of a person under theFourth Amendment of the United States Constitution. Whren v.United States (1996), 517 U.S. 806, 809-810. To justify a particular intrusion, the officer must demonstrate specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. See Maumee v. Weisner, 87 Ohio St.3d 295, 1999-Ohio-68, citing Terry v. Ohio, 392 U.S. 1, 21. The Fourth Amendment permits police stops of motorists in order to investigate a reasonable suspicion of criminal activity. Weisner, 87 Ohio St.3d at 299.
 {¶ 12} Our inquiry in the instant case thus concerns whether Detective Jablonski harbored a reasonable suspicion that Thomas operated his vehicle unlawfully, specifically, operated it without a valid registration. The officer testified that he effected this stop based only on a suspicion that the vehicle may have had an expired license plate. As he testified, his computer indicated the vehicle's license was "Not in File" when he first scanned it, which, as the officer explained, simply meant the registration was not in the computer at the time. In addition, he admitted that prior to stopping the vehicle, he observed its license plate sticker reflecting a current registration.
 {¶ 13} This testimony falls short of reasonable suspicion of unlawful activity required to justify a stop of Thomas' vehicle. We therefore affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.